IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH JONES                                                                                          PLAINTIFF

V.                                    NO. 3:20-cv-00382-ERE

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

## ORDER

### I. Introduction:

On September 12, 2017, Joseph Jones filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income benefits. (Tr. at 10). In both applications, he alleged disability beginning on April 1, 2017. *Id*. In a decision dated June 24, 2019, an administrative law judge (ALJ) denied Mr. Jones's applications. (Tr. at 239-240, 250). The Appeals Council granted Mr. Jones's request for review on December 17, 2019, remanding the case for further administrative review. (Tr. at 250-252).

Among the instructions given in the Appeals Council remand was the following:

> If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy

>   (20 CFR §§ 404.1566 and 416.966). Further, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. at 251).

On May 4, 2020, a second ALJ conducted a hearing. (Tr. at 10). In a decision dated May 19, 2020, he denied Mr. Jones's applications. (Tr. at 25). The Appeals Council denied his request for review on October 27, 2020. (Tr. at 1).

The second ALJ's decision now stands as the final decision of the Commissioner, and Mr. Jones has requested judicial review. For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II.  The Commissioner's Decision:

At step one of the required five-step analysis, the ALJ found that Mr. Jones, 49 years old at the time of the hearing, had not engaged in substantial gainful activity since the alleged onset date of April 1, 2017.[2] (Tr. at 13, 45). At step two, the ALJ

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

determined that Mr. Jones has the following severe impairments: degenerative disc disease, obesity, migraines, carpal tunnel syndrome, hearing loss, depression, anxiety, and personality disorder. (Tr. at 13).

After finding that Mr. Jones's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that he had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with the following additional limitations: (1) he can only occasionally finger and handle with the dominant (right) upper extremity; (2) he can only occasionally stoop, crouch, crawl, and kneel; (3) he cannot work around temperature extremes or respiratory irritants; (4) he can have no exposure to moving machinery and no work requiring excellent binaural hearing; (5) he is limited to tasks of a complexity that can be learned by demonstration or repetition within 30 days, with few variables, and requiring little judgment; (6) the supervision required is simple, direct, and concrete; (7) he can perform work where the interpersonal contact is limited, with limited being defined as interpersonal contact requiring a restricted degree of interaction such as answering simple questions, responding appropriately to supervisors and coworkers; and (8) interaction with the public is infrequent and not considered to be an essential job duty. (Tr. at 17).

The ALJ next found that Mr. Jones was unable to perform any of his past relevant work. (Tr. at 23). At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find that, considering Mr. Jones's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, such as surveillance systems monitor. (Tr. at 24). Therefore, the ALJ found that Mr. Jones was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations and quotations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.   Mr. Jones's Arguments on Appeal

Mr. Jones contends that the evidence supporting the ALJ's decision is less than substantial. He argues that: (1) the ALJ did not properly evaluate treating provider opinions; (2) the RFC did not fully incorporate his limitations; and (2) the ALJ did not resolve a conflict between the DOT and the VE's testimony at step five. After reviewing the record as a whole, the Court finds support for Mr. Jones's third argument.

Mr. Jones had mild-to-moderate back pain that was amenable to narcotics and steroid injections. (Tr. at 846-847, 1258-1260). His migraines were controlled with Topamax. (Tr. at 1525-1528). Carpal tunnel surgery helped with wrist pain, and treatment for sleep apnea was conservative. (Tr. at 20, 1465-1468, 1630-1636).

Mental health exacerbations waxed and waned based on situational stressors and Mr. Jones's mental health improved with medication and counseling. (Tr. at 885-886, 1178-11791357-1361. 1627-1628). The evidence does not convince the Court that Mr. Jones is disabled. However, the ALJ erred in his analysis of Mr. Jones's application, which means that the decision was unsupported by substantial evidence.

The ALJ erred at Step Five. He articulated an RFC for simple work (requiring little judgment and simple, direct, and concrete supervision, with limited interpersonal contact), but the job presented by the VE (surveillance systems monitor) has a reasoning level of three. (Tr. at 17); *Clapp v. Saul*, No. 3:19-cv-00061-JTK, 2020 U.D. Dist. LEXIS 27725 *4 (E.D. Ark. Feb. 19, 2020). Level three jobs suggest an ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] deal with problems involving several concrete variables in or from standardized situations." *Id*.; DOT, 1011 (4th Rev. ed. 1991). This arguably exceeds the limitation to simple work. *Ferguson v. Saul*, No. 3:19-cv-00242-BD, 2019 U.S. Dist. LEXIS 216303 *7 (E.D. Ark. Dec. 17, 2019) ("RFCs that more generally propose simple work with simple instructions and few changes to routine do not allow a claimant to perform level-3 reasoning jobs"). This potential conflict was neither recognized nor discussed by the ALJ or VE. (Tr. at 97-102). *Clapp*, supra ("an ALJ has an

6

affirmative responsibility to ask about any possible conflict between... [the VE's] evidence and information provided in the DOT.")[3]

Furthermore, the ALJ did not even ask the VE the basic question required by Soc. Sec. Ruling 00-4p: "Is your testimony consistent with the Dictionary of Occupational Titles?" But the ALJ stated in his decision that he determined it was consistent, when no such question was asked. (Tr. at 24). The ALJ failed to elicit any confirmation from the VE that his testimony was consistent with the DOT, which is especially prejudicial to Mr. Jones since there appears to be a conflict concerning the job identified. Also, the VE stated that there were only 3900 surveillance systems jobs available in the national economy, which arguably falls below the threshold of positions required to constitute significant national work. See *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) ("as few as 10,000 jobs is a sufficient number to constitute significant national work"). Finally, in the ALJ's written decision, there is an asterisk at the sentence identifying the surveillance systems monitor job, but no correlating footnote, so the asterisk is unclear. (Tr. at 24). The ALJ mishandled step five in its entirety, and for this reason, reversal is warranted.

---

[3] The remand order from the Appeals Council specifically directed the ALJ to resolve any conflicts between the VE's testimony and the DOT. (Tr. at 250-252). He did not follow this directive.

## IV. <u>Conclusion:</u>

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ failed to obtain an adequate explanation from the VE about the conflict between his testimony and the DOT.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 1st day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE